IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KELIIHULUHULU aka ALFRED NAPAHUELUA SPINNEY,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH ANN STRANCE, MELVIN FUJINO, JOSEPH P. FLORENDO, JR., *et al.*<br><br>Defendants. | CIVIL NO. 16-00240 DKW RLP<br><br>**ORDER DISMISSING COMPLAINT** |

**ORDER DISMISSING COMPLAINT**

**INTRODUCTION**

On May 16, 2016, Plaintiff Keliihuluhulu also known as Alfred Napahuelua Spinney, proceeding pro se, filed this civil action against three Hawaii state court judges for conduct taken in their official judicial capacities.   Beyond his claim to be the Prime Minister of the Government of the Hawaiian Kingdom, his claims are

barely discernible. The complaint appears to allege that the three judges named in the suit signed warrants that caused Plaintiff to be arrested or detained sometime in 2010, 2011, 2012, or 2016 on the Island of Hawaiʻi. Because this action is wholly frivolous—Plaintiff fails to state a claim, defendants are absolutely immune from suit, and the Court is without subject matter jurisdiction—the Court DISMISSES the complaint for failure to comply with Federal Rules of Civil Procedure 8, 12(b)(1) and 12(b)(6), and GRANTS Plaintiff limited leave to file an amended complaint no later than June 10, 2016.

## DISCUSSION

### I. The Complaint is Dismissed

Mindful that Plaintiff is proceeding pro se, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Having carefully reviewed the complaint and Exhibit A attached thereto, the Court

concludes that Plaintiff fails to state a claim or provide any basis for the Court's subject matter jurisdiction, for the reasons stated below.

### A.    <u>Failure To State A Claim Under Rule 12(b)(6)</u>

The Court may dismiss a complaint on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).").

A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).   In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

None of the factual allegations here plausibly suggests an entitlement to relief. The complaint states, in part –

> 17.   At all relevant times in 2010 Defendant Strance is possessed and exercised of judicial authority over the Circuit Court of the Third Circuit Court Kona Division State of Hawaii; Strance's judicial authority included the authority to issue warrants for the arrest and detention of persons conducting within the territory of [the] State of Hawaii; order sheriffs of [the] State of Hawaii to serve such warrants and make such arrest with [the] territory of [the] State of Hawaii.
>
> 18.   At all relevant times in 2011 Defendant Fujino is possessed and exercised of judicial authority over the District Court of the Third Circuit North Kohala Division State of Hawaii.   Defendant Fujino's judicial authority included the authority to issue warrants for the arrest and detention of persons conducting within the territory of [the] State of Hawaii; order sheriffs of [the] State of Hawaii to serve such warrants and make such arrest with [the] territory of [the] State of Hawaii.
>
> 19.   At all relevant times in 2010 Defendant Florendo is possessed and exercised of judicial authority over the District Court of the Third Circuit North Kohala Division State of Hawaii.   Defendant Florendo's judicial authority included the authority to issue warrants for the arrest and detention of persons

conducting within the territory of [the] State of Hawaii; order sheriffs of [the] State of Hawaii to serve such warrants and make such arrest with some territory of [the] State of Hawaii.

* * * *

21.     Acting in coordination with County of Hawaii Police; County of Hawaii Prosecutors, State of Hawaii Public Safety employees and other employees of [the] State of Hawaii Judiciary, including Defendants Fujino and Florendo and State of Hawaii Sheriffs' Department, Defendant Strance caused me to be deprived of my liberty by allowing her warrant dated 3/15/12 to be served on me while I am with the Kingdom and caused me to be taken, on 5/16/2016, from a certain place within the Kingdom to another place in the Kingdom where I am held against my will for no less than 96 hours.

22.     At all relevant times in 2010 Defendant Strance had a duty under customary international law and U.S. and State of Hawaii law to prevent violations of international and U.S. and State of Hawaii Law, including the prohibition against arbitrary arrest, detention and exile.   Plaintiff Keliihuluhulu seeks compensatory damages and punitive damages in an amount to be determined at trial.

23.     Defendant Florendo caused Keliihuluhulu to be deprived of his liberty by ordering pursuant to the law of [the] State of Hawaii that Plaintiff Keliihuluhulu be taken from the Kingdom and be held against his will.   Defendant Florendo's extrajudicial order results in Keliihuluhulu being taken and held against his will, from 6/22/2011 to 7/21/2011, in a building in the Kingdom under the control of Employer, (approximately 30 days).

24.     At all relevant times in 2010 Defendant had a duty under customary international law and U.S. and State of Hawaii law to prevent violations of international and U.S. and State of

5

Hawaii Law, including the prohibition against arbitrary arrest, detention and exile.   Plaintiff Keliihuluhulu seeks compensatory damages and punitive damages in an amount to be determined at trial.

* * * *

30.     Defendants are continuing to retain possession of Keliihuluhulu's Kingdom Government issued motor vehicle operators certificate and birth certificate and moneys taken from Keliihuluhulu as ransom.

Complaint.

Beyond their implausibility, Plaintiff's allegations are frivolous for several reasons.   First, all of the claims against the state court judges for conduct undertaken in their judicial capacities are barred by the doctrine of absolute judicial immunity.   *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.").   Moreover, any vaguely alleged claims against unnamed court employees acting in concert with the judges are similarly barred by the doctrine of absolute quasi-judicial immunity.   *See Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987) (explaining that court clerks have absolute quasi-judicial immunity

6

from damages for civil rights violations when they perform tasks that are an integral part of the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986). Plaintiff's claims against the three state court judges are DISMISSED WITH PREJUDICE.

Second, all claims for damages against the State, state agencies or departments, and state officials acting in their official capacities are barred by the Eleventh Amendment.  *See Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky* v. Graham, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).   Thus, Eleventh Amendment immunity bars Plaintiff's claims for damages against the state agencies or departments.

Third, to the extent Plaintiff's claims relate to court actions that culminated in his arrest or detention, or the confiscation of his "Kingdom Government" certificates, those claims are presumptively barred by the *Rooker-Feldman* doctrine.

7

Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413

(1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983),

collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred

from seeking what in substance would be appellate review of the state judgment in a

United States District Court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights.'"   *Bennett v. Yoshina*, 140 F.3d

1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06

(1994)).   The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction

to conduct direct reviews of state court judgments even when a federal question is

presented.   Although not entirely clear, to the extent Plaintiff contests state-court

decisions, any such challenge must be made through the state-court appellate

process.   He may not appeal such state-court determinations to this Court.

Additionally, to the extent Plaintiff seeks to enjoin ongoing state court

proceedings, the Court lacks the authority to do so.   The Anti-Injunction Act

provides that a federal court "may not grant an injunction to stay proceedings in a

State court" unless such an injunction is (1) expressly authorized by Act of

Congress, (2) necessary in the exercise of the federal court's jurisdiction, or

(3) necessary to protect or effectuate its judgments.   28 U.S.C. § 2283.   The three

exceptions to the Anti-Injunction Act are construed narrowly, and any doubts as to

the propriety of a federal injunction are resolved in favor of letting the state action

proceed.  *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d

1063, 1068 (9th Cir. 1996).   The Court recognizes that, while the Anti-Injunction

Act does not apply to violations federal constitutional rights pursuant to 42 U.S.C.

§ 1983, Plaintiff makes no such claim here.   *See Mitchum v. Foster*, 407 U.S. 225,

242–43 (1972).

In short, Plaintiff fails to set forth factual content that allows the Court to draw

the reasonable inference that any defendant is liable for any misconduct alleged.

Accordingly, he fails to state a claim.

### B.   <u>Subject Matter Jurisdiction Is Lacking</u>

Claims may also be dismissed *sua sponte* where the Court does not have

federal subject matter jurisdiction.   *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6

(9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global

Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court

and counsel to be alert to jurisdictional requirements.").   "A party invoking the

federal court's jurisdiction has the burden of proving the actual existence of subject

matter jurisdiction."   *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

"Federal courts are courts of limited jurisdiction," possessing "only that power

authorized by Constitution and statute."   *United States v. Marks*, 530 F.3d 799, 810

(9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377

(1994)).   At the pleading stage, a plaintiff must allege sufficient facts to show a

proper basis for the Court to assert subject matter jurisdiction over the action.

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v.*

*Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P.

8(a)(1).

In general, a plaintiff may establish subject matter jurisdiction in one of two

ways.   First, he may assert federal question jurisdiction based on allegations that a

defendant violated the Constitution, a federal law, or treaty of the United States.

*See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

actions arising under the Constitution, laws, or treaties of the United States.").   The

United States Supreme Court has recognized that a "plaintiff properly invokes

§ 1331 jurisdiction" by pleading "a colorable claim 'arising' under the Constitution

or laws of the United States."   *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

Second, a plaintiff may invoke the court's diversity jurisdiction, which applies

"where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between . . . citizens of different States."   28 U.S.C.

§ 1332(a)(1).   In order to establish diversity jurisdiction, a plaintiff must establish

complete diversity of the parties.   *See Morris v. Princess Cruises, Inc.*, 236 F.3d

1061, 1067 (9th Cir. 2001) (explaining that § 1332(a) "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants").

Plaintiff fails to establish either diversity or federal question jurisdiction.   His haphazard references to the United States Constitution, statutes and various international treaties are not sufficient to create federal question jurisdiction.   Any such cause of action is "so patently without merit as to justify the court's dismissal for want of jurisdiction."   *Duke Power Co. v. Carolina Environmental Study Group, Inc*., 438 U.S. 59, 70 (1978); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010) ("It is not enough to utter the word 'Constitution' and then present a claim that rests on state law.   If it were, every claim that a state employee committed a tort, or broke a contract, could be litigated in federal court.   It is therefore essential that the federal claim have some substance—that it be more than a pretext to evade the rule that citizens of a single state must litigate their state-law disputes in state court.").

Plaintiff's grievances sounding in tort (*e.g*., conversion, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault) are state law claims that may be appropriately brought in Hawaii state courts.   These claims may not, however, be brought in federal court, absent a clearly-pled basis for federal jurisdiction.   *See Thompson*, 99 F.3d at 353 ("A party

11

invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").   Accordingly, the Court is without the authority to adjudicate these claims, and the Complaint is DISMISSED.

## II.   <u>Limited Leave to Amend is Granted</u>

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **June 10, 2016**.   This Order limits Plaintiff to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.   However, Plaintiff's claims against the three state court judges are DISMISSED WITH PREJUDICE.   The Court cautions Plaintiff that he may not re-allege these claims in any amended complaint.

If Plaintiff chooses to file an amended complaint, he is STRONGLY CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction.   Plaintiff should also clearly allege the following: (1) the constitutional or statutory right he believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the

action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).   Plaintiff must repeat this process for each person or entity named as a defendant.   If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

## CONCLUSION

Based upon the foregoing, Plaintiff's Complaint is DISMISSED with limited leave to amend.   Plaintiff's claims against the three state court judges are DISMISSED WITH PREJUDICE and he may not re-allege these claims in any amended complaint.   Plaintiff is granted leave to file an amended complaint no later than **June 10, 2016**.   The Court cautions Plaintiff that failure to file an amended

//

//

//

complaint in conformity with this order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

Dated: May 19, 2016 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

--------------------------------------------------------------------------------------------------
*Keliihuluhulu aka Alfred Napahuelua Spinney v. Elizabeth Ann Strance, et al.*;
Civil No. 16-00240 DKW RLP; ORDER DISMISSING COMPLAINT