IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KELIIHULUHULU aka ALFRED NAPAHUELUA SPINNEY,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH ANN STRANCE, MELVIN FUJINO, JOSEPH P. FLORENDO, JR., *et al.*<br><br>Defendants. | CIVIL NO. 16-00240 DKW RLP<br><br>**ORDER DISMISSING CASE** |

**ORDER DISMISSING CASE**

On May 16, 2016, Plaintiff Keliihuluhulu also known as Alfred Napahuelua Spinney, proceeding pro se, filed this civil action against three Hawaii state court judges for conduct taken in their official judicial capacities. The Court dismissed the Complaint and granted Plaintiff limited leave to amend in a May 19, 2016 Order. Dkt. No. 6. The Court twice granted Plaintiff extensions of time in which to amend his claims. *See* Dkt. Nos. 12 and 14. Instead of filing an amended complaint, however, Plaintiff filed both a Notice of Appeal and a document entitled "Notice of Intent to Appeal Instead of Amending Complaint." Dkt. Nos. 15 and 16. The latter document provides "notice of my intent to file an appeal instead of amending

my complaint under the conditions this court has limited me to." Dkt. No. 15. The Court continues to liberally construe Plaintiff's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances and in light of Plaintiff's express notice to the Court that he does not intend to file an amended complaint. The Court's May 19, 2016 Order was clear:

> Plaintiff's Complaint is DISMISSED with limited leave to amend. Plaintiff's claims against the three state court judges are DISMISSED WITH PREJUDICE and he may not re-allege these claims in any amended complaint. Plaintiff is granted leave to file an amended complaint no later than June 10, 2016. The Court cautions Plaintiff that failure to file an amended complaint in conformity with this order will result in the automatic dismissal of this action.

Dkt. No. 6.

The Court again directed Plaintiff on June 14, 2016 as follows:

> Plaintiff is GRANTED until July 1, 2016 to file an amended complaint in conformity with the Court's May 19, 2016 Order and as set forth above. Plaintiff is once again CAUTIONED that failure to follow the Court's specific instructions with respect to any amended complaint will result in the dismissal of this action.

Dkt. No. 12.

Plaintiff was then granted a second extension on July 5, 2016:

> Plaintiff Keliihuluhulu's Ex Parte Motion for an Order For Further Extension of Time to file Amended Complaint from July 1, 2016 to July 21, 2016 (Dkt. No. 13) is hereby GRANTED. Plaintiff is granted until July 21, 2016 to file an amended complaint in compliance with the Court's prior orders. Plaintiff

> is cautioned that the Court will not continue to permit further extensions of time absent good cause shown.

Dkt. No. 14.

The Court attempted to avoid outright dismissal of this action by granting Plaintiff two extensions of time in which to file an amended complaint. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Plaintiff's voluntary failure to comply with multiple Court orders, and instead electing to file a Notice of Appeal. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: July 25, 2016 at Honolulu, Hawai'i.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Keliihuluhulu v. Strance, et al.*; Civil No. 16-00240 DKW RLP; ORDER DISMISSING CASE